Gloria Juarez, Cal. State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel: 949-288-3042
Email: gloria@thegjlaw.com

Ally N. Alain, Cal. State Bar No. 345524
**ALLY LAW FIRM**
28202 Cabot Road, 3rd Floor
Laguna Niguel, CA 92677
Tel. (949) 799-2232

ATTORNEYS FOR PLAINTIFF SAM NOBLE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sam Noble,<br>　　　　Plaintiff,<br>　　v.<br>Fleetwood RV Inc., REV Recreation Group, Inc., La Messa R.V. Center, Inc., and DOES 1-25 inclusive,<br>　　　　Defendants. | **Case No. 8:23-cv-02223**<br><br>**COMPLAINT FOR DAMAGES AND CIVIL PENALTIES**<br><br>1. **BREACH OF EXPRESS WARRANTY**<br><br>2. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>3. **VIOLATION OF SONG BEVERLY CONSUMER WARRANTY ACT (CAL. CIV. CODE § 1790 ET SEQ.)**<br><br>4. **VIOLATION OF MAGNUSON-MOSS WARRANTY ACT 15 U.S.C. 2301**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Sam Noble, by and through his counsel, Gloria Juarez of the Law Offices of Gloria Juarez, and Ally Alain of the Ally Law Firm, and for his complaint against Defendants Fleetwood RV, Inc., REV Recreation Group, Inc. and La Messa R.V. Center, Inc., states and avers as follows:

## PRELIMINARY STATEMENT

1. This action arises from the unlawful and deceptive business practices of Fleetwood RV, Inc. ("Fleetwood"), one of the nation's largest and oldest motor home manufacturers and its parent company REV Recreation Group, Inc.

2. This suit targets Fleetwood's systematic approach of rush producing and distributing recreational vehicles that are known to be riddled with innumerable defects and fail to meet the standards for reasonable use promised to consumers.

3. This suit is grounded in a pressing and systemic issue as Fleetwood, during the COVID-19 pandemic, knowingly expedited the production of a large volume of improperly manufactured motor homes. These vehicles, including the subject 2022 Fleetwood Discovery 36HQ luxury diesel pusher motor home ("Motor Home"), were distributed with the knowledge that they failed to meet the necessary warranty requirements for ordinary and safe use, thereby putting the consumers at risk.

4. The ongoing product defects in these motor homes are not merely incidental or isolated, but are indicative of a deliberate business strategy by Fleetwood. This strategy prioritizes profits over consumer safety, finances, and satisfaction, leading to a significant number of Fleetwood motor homes being released into the market with known and an unacceptable plethora of serious defects. This business practice has resulted in substantial financial and emotional distress to the owners, including Plaintiff, who have invested considerable resources in what they believed were reliable and high-quality motor homes fit for ordinary use.

5. This suit addresses the persistent and significant electrical and mechanical failures of the Motor Home, which have rendered it largely non-operational and unsuitable for its intended use, since its purchase in December 2021- at the peak of the pandemic.

6. Central to this lawsuit is the systematic failure of Fleetwood and its authorized

dealer to rectify these issues under the warranty, and their refusal to provide a refund or replacement, despite numerous repair attempts and explicit requests for resolution. This suit seeks to hold Fleetwood accountable for its breach of warranty, deceptive practices, and failure to comply with the obligations under the Song-Beverly Consumer Warranty Act, thereby protecting the rights of consumers and ensuring adherence to fair business practices in the motor home industry.

7. Plaintiff Sam Noble, a California resident, brings this action against Defendants Fleetwood RV Inc., REV Recreation Group, Inc., and La Messa R.V. Center, Inc., for breaches of warranty and violations of the Song-Beverly Consumer Warranty Act, seeking restitution, damages, attorney fees, and civil penalties due to significant defects in the 2022 Fleetwood Discovery Motor Home.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and an amount in controversy exceeding $75,000. Specifically, there is a diversity of citizenship between Plaintiff and at least one Defendant; and the matter in controversy exceeds the sum of $303,605 exclusive of interests, civil penalties, costs, and attorney's fees.

9. This Court has personal jurisdiction over Defendants because at least one Defendant although headquartered in Indiana, has sufficient minimum contacts with California, and otherwise purposefully avail themselves of the benefits and protections of California law, so as to render the exercise of jurisdiction by this Court proper and consistent with traditional notion of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants regularly conduct business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## PARTIES

11. Plaintiff, Sam Noble, residing in Orange County, California, purchased the subject Motor Home for personal and family use.

12. Defendant Fleetwood RV, Inc., a business entity operating in Indiana, and Defendant REV Recreation Group, Inc., its parent company, manufactured the Motor Home.

13. Defendant, Fleetwood RV, Inc., is a corporation engaged in the manufacture, sale, and distribution of motor coaches, and also provides service and issues warranties on their products and services. Fleetwood does business in the State of California including in Orange County, California.

14. Defendant REV Recreational Group, Inc. is located at 1031 US 224 E Decatur, Indiana 46733.

15. Defendant La Messa R.V. Center, Inc., headquartered in 7430 Copley Park Place in San Diego, California, sold the Motor Home to Plaintiff.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. The Plaintiff, in December 2021, purchased a brand new 2022 model year Fleetwood Discovery 36HQ diesel pusher motor home, with Vehicle Identification Number (VIN) 4UZACGFC2NCNP2713, from La Mesa RV, an authorized Fleetwood dealer.

17. The price of the Motor Home was $303,605.[1]

18. Contrary to the warranties issued by the Defendants, the Motor Home was worthless and substantially impaired to the extent that it was not reasonably fit and/or safe for its intended purpose.

19. Various agents and/or representatives of one or more of the Defendants ineffectively and unsuccessfully attempted on numerous occasions to repair the Motor Home.

20. The 2022 new Motor Home is worthless, substantially impaired and not reasonably fit and/or safe for its intended purpose and therefore, is incapable of being 28safely used by Plaintiff.

21. Defendants issued and supplied to Plaintiff warranties in regard to the 2022 new Motor Home.

22. The defects and nonconformities described herein violate the aforementioned

---

[1] The total purchase price of $303,605 included the base price, taxes, fees, and an additional $2,700 for California registration.

warranties issued to Plaintiff by the Defendants.

23. Fleetwood, REV Recreation Group, La Messa R.V. Center, and/or their agents and/or affiliates, attempted to make repairs, or failed to attempt repairs of various defects and nonconformities, however, the aforementioned defects and nonconformities still remain present, which continue to render the 2022 new Motor Home unusable, unsafe, worthless and/or substantially impaired to the extent that it is not reasonably fit and/or safe for its intended purpose.

24. Plaintiff has provided Fleetwood, REV, and La Mesa, their agents and/or affiliates, sufficient opportunity to repair and/or replace the 2022 Motor Home pursuant to their written warranties and additional extended 12-month warranty.

25. After a reasonable number of attempts to cure the defects and nonconformities in the 2022 Motor Home, Fleetwood, REV, and La Mesa, their agents and/or affiliates, have been unable to and/or have failed to repair the defects and nonconformities and unwilling to replace the 2022 Motor Home.

26. For the reasons described above, Defendants have failed to deliver the 2022 new Motor Home to Plaintiff in any satisfactory or working condition. As such, Plaintiff may rightfully demand the refund of the new 2022 Motor Home and has done so. In the alternative, should it be found that Plaintiff's request for a replacement unit had not expired, he has justifiably and lawfully revoked his offer for a replacement based on Defendants' failure to respond to multiple demands for such a remedy. Such revocation of the demand for replacement was timely made after providing the Defendants with reasonable and numerous opportunities to attempt repair of the defects and nonconformities described above and they have not been reasonably cured.

27. At the time of purchase, the vehicle's mileage was already at 2,282, which has increased to 15,018.

28. Since the purchase, the Motor Home has been largely non-operational, spending at least **338 out of 682 days of ownership in a manufacturer-authorized repair facility, representing approximately 49.5%** of the total ownership period to the time of this filing. Additionally, the Motor Home required emergency repairs for at least 10 more days.

29. Initially in December 2021, the Motor Home displayed several electrical problems, including issues with the theater seating, gas regurgitation, and only one functional key fob. The

first major electrical malfunction, leading to a complete loss of power, occurred in January 2022. Despite multiple repair attempts, the Motor Home continued to suffer from recurring electrical failures, particularly problems with the 50-amp shore power and rapid depletion of house batteries.

30. The Motor Home's electrical system including the automatic transfer switch and house batteries experienced significant malfunctions, leading to a complete electrical failure and battery "boil," necessitating the replacement of the transfer switch and all four house batteries between October and December 2022. Another complete failure of the house battery occurred leading to another repair beginning in September 2023, requiring further replacement. In total, the Motor Home has received approximately eight new house batteries as a result of the electrical failures.

31. For repairs, the Motor Home was serviced during the following periods: from April 14, 2022, to July 12, 2022 (90 days); from October 13, 2022, to December 16, 2022 (64 days); from December 28, 2022, to May 4, 2023 (127 days); and from September 29, 2023, to the present (60 days+).

32. The ongoing electrical and other mechanical issues have significantly impacted the Motor Home 's usability, affecting full disclosure requirements and potentially its resale value. While exact out-of-pocket repair costs have not been quantified, they are understood to be substantial.

33. The Plaintiff is part of a young family with two children and had previously owned and enjoyed a Fleetwood 2015 Storm before upgrading to the current Motor Home. The family had planned to begin full-time travel, but these plans have been disrupted due to the Motor Home's persistent failures and inoperability.

34. Efforts to resolve the situation included seeking a collateral exchange or refund from the Defendants. One of the earliest requests for such a "replace or refund" resolution was made to Amy Zimmerman at REV in **December 2022**. As of the date of this summary, this marks the **sixth instance** where the Plaintiff has requested a collateral exchange or refund, with the Defendants failing to respond to these requests.

35. Plaintiff proposed either a collateral exchange for a similar new unit or an alternative relief.

36. The basis for this legal action is the persistent and major electrical failures of the Motor Home, despite multiple repair attempts and extended periods in authorized repair facilities. The frequency, duration, and nature of these issues have significantly disrupted Plaintiff's use of the Motor Home and justify the remedies sought in this action.

37. The 2022 new Motor Home was to be free from defects and nonconformities.

38. The 2022 new Motor Home had and still has certain defects and nonconformities that Fleetwood, REV, and/or La Mesa has unsuccessfully attempted to repair on numerous occasions and some that they failed to address, including, but are not limited to, the following:

**Life Threatening**
1) Emission of toxic battery acid fumes from the boiling house batteries into the coach bedroom;
2) Hydraulic leveling system uses steel jacks that do not always retract completely, or more dangerously, partially retract;
3) Burning acid smell;
4) Front and only door to coach jams and does not open without excessive force;
5) Entire electrical system quit working without warning;
6) Driver's window roll up shades repeatedly fail and fall down unexpectedly obstructing driver's vision while driving, despite replacement;
7) Driver's side seatbelt has too much slack and will not stay latched;

**Unsafe, Unusable:**
8) 50 Amp electrical power does not work;
9) Air-conditioners do not power up on shore power or generator;
10) Slides malfunction, shift, and jam the bathroom door shut, requiring emergency assist to open door;
11) Second door to mid cabin does not close properly;
12) Engine batteries would not start the 2022 Motor Home;
13) Electrical system fails to power refrigerator and lights more than a few hours;
14) Passenger side cockpit chair armrests stuck in the up position, despite a full

       replacement of the seat;

  15) Bathroom door substantially binds on frame and catches while closing;

  16) Central coach door jamb is loose and shifts with each slide out;

39. As a result of ineffective repair attempts, or failure to attempt repairs, of the defects and nonconformities described above, by Fleetwood and/or REV and/or their agents, affiliates and/or representatives, the 2022 Motor Home cannot be utilized for personal, family, and/or household uses, as was intended by Plaintiff. The 2022 Motor Home is worthless, substantially impaired and not reasonably fit and/or safe for its intended purpose.

**Fleetwood RV Warranty**

40. Fleetwood RV's warranty covers vehicles manufactured by REV Recreation Group and sold in the United States and Canada. It avers the products are intended to be free from manufacturing defects in material or workmanship when first sold by an authorized dealership.

41. The Warranty period for non-structural defects is "One year from the start date or until the motorhome reaches 15,000 total miles", and for structural defects is "three years from the start date or until the motorhome reaches 45,000 total miles."

42. The warranty does not cover the automotive chassis system (including chassis and drivetrain), tires, or components expressly warranted by their respective manufacturers. It also excludes defects or failures due to abuse, misuse, negligence, accident, failure to comply with instructions in the Owner's Information Warranty Packet, alteration or modification of the motorhome, and environmental conditions.

**Violation of the Song Beverly Consumer Warranty Act**

43. On or about December 22, 2022 Plaintiff requested a replacement motor home via collateral exchange or refund in correspondence with Amy Zimmerman at REV Recreation Group, without any further response.

44. On January 24, 2023 Plaintiff formally demanded a replacement motor home via collateral exchange in correspondence to Angela Brooks at REV Recreation Group, without any response.

45. On March 14, 2023 Plaintiff formally demanded a replacement motor home via collateral exchange in correspondence to Angela Brooks at REV Recreation Group, without any response.

46. On October 27, 2023 Plaintiff requested a replacement motor home via collateral exchange or refund in correspondence with Angela Brooks at REV Recreation Group, without any further response.

47. On October 31, 2023 Plaintiff formally demanded a replacement motor home via collateral exchange in correspondence with Angela Brooks at REV Recreation Group, without any response.

48. On November 27, 2023 Plaintiff formally demanded a refund, expressly citing the Song Beverly Warranty Act via in written correspondence with Angela Brooks at REV Recreation Group, without any affirmative response as to the refund request.

### COUNT I
### BREACH OF EXPRESS WARRANTY
### (against all Defendants)

49. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

50. Defendants Fleetwood and REV are engaged in the business of making and selling motor homes, a consumer product, available to Plaintiff and performing repairs on said vehicle pursuit to its warranties.

51. Said warranties were a significant part of the basis of the bargain between Plaintiff and the Defendants herein for the acquisition of the 2022 Motor Home.

52. Plaintiff's decision to accept the 2022 Motor Home was significantly influenced by the reliance on these express warranties. Plaintiff's decision to enter into contract was induced by these written warranties.

53. Plaintiff has met all the obligations and preconditions as provided in the written warranties.

54. Defendants Fleetwood and REV Recreation Group alongside dealer La Mesa

provided an express warranty at the point of sale, explicitly guaranteeing the Motor Home's quality and suitability, quality, and fitness for use.

55. The Motor Home has exhibited persistent electrical and other failures, despite countless repair attempts, constituting a breach of this express warranty.

56. Plaintiff has timely and repeatedly notified Defendants of these defects, but the failure to repair the Motor Home to a satisfactory condition has caused substantial damages.

57. Fleetwood and REV, by their failure to attempt repairs and their unsuccessful attempts at repairs, have breached the written warranties issued with the 2022 Motor Home. The conduct of Fleetwood and REV in attempting to repair, failing to repair and scheduling repairs is malicious, willful, wanton and reckless, all resulting in Plaintiff failing to 'receive the benefit of the bargain' and use of the 2022 Motor Home.

58. As a direct and proximate result of the conduct of Fleetwood, REV, and La Mesa described above, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. Return of all monies paid or incurred, and all incidental and consequential costs and damages incurred, including, but not limited to, all finance charges, interest, taxes, and fees with respect to the 2022 Motor Home;

b. All reasonable attorney fees, witness fees, court costs and other fees incurred by Plaintiff ;

c. Punitive damages; and

d. Such other and further relief that this Court deems just and appropriate.

## COUNT II
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
**(against all Defendants)**

59. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

60. At all times relevant hereto, Defendants Fleetwood, REV Group, and La Mesa RV

were engaged in the business of designing, manufacturing, distributing, selling, and repairing recreational vehicles, including the 2022 Fleetwood Discovery 36HQ Motor Home purchased by Plaintiff.

61. By selling the Motor Home, Defendants Fleetwood, REV Recreation Group, and La Mesa RV impliedly warranted under California Commercial Code § 2314 that the Motor Home was merchantable and fit for the ordinary purposes for which such vehicles are customarily used.

62. The at the time of sale and thereafter, the Motor Home was not fit for the ordinary purpose for which such vehicles are used, namely, reliable and safe habitation and travel, due to persistent and major electrical failures and other substantial defects.

63. Specifically, the Motor Home exhibited chronic electrical issues including, but not limited to, a complete loss of power, malfunctioning transfer switch, and rapid depletion of house batteries, which substantially impaired its functionality and safety.

64. The Motor Home's repeated mechanical failures necessitated extensive repairs, rendering the Motor Home non-operational, thus failing to provide Plaintiff with a reliable means of transportation and habitation.

65. Plaintiff and/or their family, who are intended users of the Motor Home have been directly and proximately harmed by its nonconformity with the implied warranty of merchantability.

66. Plaintiff provided Defendants with reasonable opportunities to repair the Motor Home and bring it into compliance with the implied warranty of merchantability, yet the Defendants failed to do so.

67. As a direct and proximate result of the Defendants' breach of the implied warranty of merchantability, Plaintiff has suffered damages including, but not limited to, loss of use of the Motor Home, diminished value of the Motor Home and emotional distress.

68. Plaintiff has complied with all obligations under the warranty, including notifying Defendants of the Motor Home defects and providing them with reasonable opportunities to effectuate repairs.

69. The Defendants' breach of the implied warranty of merchantability has caused Plaintiff to incur substantial expenses, including but not limited to, costs associated with alternative living arrangements and transportation, as well as out-of-pocket expenses for

attempted repairs and maintenance of the Motor Home.

70. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. Monetary damages in an amount to be determined at trial, but in no event less than the full purchase price of the Motor Home , including all incidental and consequential damages suffered by Plaintiff as a result of Defendants' breach of warranty;

b. Pre-judgment and post-judgment interest on all monetary awards;

c. Reasonable attorney's fees and costs pursuant to applicable statutes and/or court rules; and

d. Such other and further relief as this Court deems just and appropriate.

## COUNT III
## VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
## (CAL. CIV. CODE § 1790 ET SEQ.)
### (against all Defendants)

71. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, and underscores ¶¶43-48, as though fully set forth herein.

72. The Song-Beverly Consumer Warranty Act (CA Civil Code § 1790-1795.8) covers all consumer retail goods sold in California that are under an implied or express warranty, which includes automobiles and recreational vehicles. The law specifies that all consumer goods are covered under an implied warranty of merchantability as well as an implied warranty of fitness. This means that the goods (1) will perform as promised by the retailer or manufacturer; (2) are suitable for their intended purpose; and (3) are of the same quality as similar such goods.

73. In order to qualify, the vehicle's defects must be covered under a manufacturer's factory warranty. Second, one or more repair issues must substantially impair the vehicle's use, safety, or value. Lastly, the manufacturer must be given a "reasonable number" of attempts to repair the defects. Also, a vehicle may qualify simply because it's not the same quality as other similar vehicle or if it is not suitable for its typical purpose.

74. Defendants' failure to conform the Motor Home to its express and implied warranties despite reasonable attempts constitutes a violation of the Song-Beverly Act.

75. Defendants' willful refusal to replace the Motor Home or provide a refund as

required by the Song Beverly Act, despite being fully aware of the ongoing issues, warrants civil penalties.

76. Plaintiff seeks restitution of the purchase price, civil penalties up to twice the amount of the purchase price ($607,210) for Fleetwood's "willful" failure to comply with its statutory obligations as underscored in ¶¶43-48.

77. Section 1794 subdivision (d) provides as follows: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."[2]

78. Plaintiff also seeks attorney fees for this suit as provided by statute per Cal. Civ. Code § 1794.

79. Plaintiff is entitled to a refund of the full purchase price of the Motor Home, including all collateral charges and finance charges, taxes, fees, plus all attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

 a) Return of all monies paid or incurred, and all incidental and consequential costs and damages incurred, including, but not limited to, all finance charges, interest, taxes, and fees with respect to the 2022 Motor Home;

 b) All reasonable attorney fees, witness fees, court costs and other fees incurred by Plaintiff ; and

 c) Such other and further relief that this Court deems just and appropriate.

## COUNT IV
**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT 15 U.S.C. 2301**
**(against all Defendants)**

80. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

81. This claim is for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et

---

[2] Murillo v. Fleetwood Enterprises, Inc. (1998) 17 Cal.4th 985, 994, 73 Cal.Rptr.2d 682, 953 P.2d 858.

seq. by Defendants, jointly and/or severally.

82. The Magnuson-Moss Warranty Act is a federal law covering consumer product warranties. The Act provides for certain rights and remedies of consumers in connection with express warranties and implied warranties arising under state law.

83. The term "consumer product" means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes. [15 U.S.C. 2301(1)].

84. As a result of the above facts, each Defendant breached its express and/or implied warranties and representations with respect to the vehicle, and knew or should have known such before it occurred but it did nothing about it.

85. One or more of the defects and malfunctions in the vehicle were covered under the terms of each Defendants' warranties, and each Defendant failed to repair the vehicle within a reasonable number of opportunities and also within a reasonable amount of time, thereby diminishing the use and/or safety and/or value of the vehicle to Plaintiff.

86. As a result of the above, among other things, each Defendant is in violation of the Magnuson-Moss Warranty Act by its failure to comply with its warranty obligations, and knew or should have known such before it occurred but they did nothing about it.

87. Plaintiff asked the Defendants to take the vehicle back a number of times as underscored in paragraphs ¶¶43-48, but the Defendants have not or will not do so. At the time each Defendant breached its warranty, each Defendant knew or should have known that its warranty had been breached and that it was legally obligated to take the vehicle back or replace it, but it did not do so.

88. As a result of the above, among other things, each Defendant is in violation of the Magnuson-Moss Warranty Act by its failure to comply with its warranty obligations.

89. As a direct and proximate result thereof, Plaintiff was damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:
    a) Return of all monies paid or incurred, and all incidental and consequential costs and damages incurred, including, but not limited to, all finance charges, interest, taxes, and fees with respect to the 2022 Motor Home;
    b) All reasonable attorney fees, witness fees, court and litigation costs and other fees

incurred by Plaintiff; and

    c) Such other and further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the federal rule of Civil procedure, Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following relief and judgment against Defendants as follows:**

    **A.** Judgment against Defendants Fleetwood RV, Inc. , REV Recreation Group, Inc., and La Messa R.V. Center, Inc., for Violation of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act;

    **B.** Restitution of the purchase price amounting to $303,605, and reimbursement for all associated costs, including taxes, fees, and registration expenses.

    **C.** Civil penalties in the amount of $607,210.00 or the maximum award as otherwise permitted by law, particularly under the provisions of the Song-Beverly Consumer Warranty Act, due to the Defendants' willful noncompliance with their warranty obligations;

    **D.** Costs of suit incurred in this action;

    **E.** Pre- and post-judgment interest on all monetary awards as allowed by law; and

    **F.** Attorney fees as provided for by the Song-Beverly Consumer Warranty Act and other applicable statutes, in recognition of the substantial legal efforts required to address the Defendants' breaches and statutory violations.

| | |
|---|---|
| Dated: November 28, 2023 | By:  /S/AAlain |

                                                Gloria Morin Juarez, Esq.
                                                LAW OFFICES OF GLORIA JUAREZ
                                                28202 Cabot Road, Suite 300
                                                Laguna Niguel, CA  92677
                                                Tel. (949) 288-3402
                                                Email: gloria@thegjlaw.com

                                                Ally N. Alain, Esq.
                                                ALLY LAW FIRM
                                                28202 Cabot Road, 3rd Floor
                                                Laguna Niguel, CA  92677
                                                Tel. (949) 799-2232

                                                ATTORNEYS FOR PLAINTIFF