JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SAM NOBLE,<br><br>        Plaintiff,<br><br>    v.<br><br>FLEETWOOD RV INC.; REV RECREATION GROUP, INC.; LA MESSA R.V. CENTER, INC.; AND DOES 1 to 25,<br><br>        Defendants. | Case No.: SACV 23-02223-CJC (JDEx)<br><br>**ORDER *SUA SPONTE* DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

In his complaint, Plaintiff, a California citizen, alleges that this "Court has subject matter jurisdiction over [his] claims pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and an amount in controversy exceeding $75,000. **Specifically, there is diversity of citizenship between Plaintiff and at least one Defendant** …." (Dkt. 1 [Compl.] ¶¶ 7–8 [emphasis added].) That is not the standard for diversity jurisdiction.

As the party asserting jurisdiction, Plaintiff bears the burden of proving federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Federal courts have diversity jurisdiction over cases between "citizens of a State

and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence ... of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction."). For diversity purposes, a corporation is a citizen of (1) the state where its principal palace of business is located and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899–900 (9th Cir. 2006).

From the face of the Complaint, it is clear that there is not complete diversity between the parties. After alleging his own California citizenship, Plaintiff later alleges that "Defendant La Messa R.V. Center, Inc.[ is] headquartered in … San Diego, California[.]" (Compl. ¶ 15.) Therefore, Plaintiff and at least one defendant are citizens of California, meaning there is not complete diversity as required for this Court to exercise jurisdiction here. Plaintiff has failed to carry his burden to show that this Court has jurisdiction over this action. *See, e.g.*, *Qingdao Youli Century Guarantee Co. v. Shaoqiang Chen*, 2018 WL 6264971, at *1 (C.D. Cal. May 1, 2018) (addressing diversity jurisdiction *sua sponte* and dismissing complaint where Plaintiff failed to sufficiently allege complete diversity); *Kashfian v. Abrams*, 2013 WL 12138852, at *2 (C.D. Cal. Apr. 8, 2013) (dismissing complaint where, "construing the allegations in [the] Complaint as true, Plaintiff cannot establish diversity, because she is *not* diverse from *all* Defendants"). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this case for lack of subject matter jurisdiction.

DATED:   December 6, 2023

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE